NOT RECOMMENDED FOR FULL-TEXT PUBLICATON
File Name: 14a0097n.06

No. 13-3326

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 04, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MARIETTA GARNIK MANASSIAN, | ) | |
| | ) | |
| **Petitioner,** | ) | ON PETITION FOR REVIEW |
| | ) | OF AN ORDER OF THE |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| **Respondent.** | ) | **OPINION** |
| | ) | |

Before: BOGGS and MOORE, Circuit Judges; BARRETT, District Judge.[*]

**KAREN NELSON MOORE, Circuit Judge.** Marietta Garnik Manassian petitions this court to review a denial of her asylum application by an immigration judge ("IJ") and the Board of Immigration Appeals ("BIA").[1] The IJ and BIA denied the asylum application as having been filed beyond the one-year deadline as well as on the merits. Manassian argues that changed personal circumstances—denial of an I-130 petition on her behalf—excuses the delay in filing and that asylum should have been granted. Because the denial of an I-130 petition is not a change in circumstances within the meaning of the Immigration and Nationality Act ("INA"), we DENY the petition for review.

---

[*]The Honorable Michael R. Barrett, United States District Judge for the Southern District of Ohio, sitting by designation.

[1]Manassian had also applied for withholding of removal and voluntary departure. The IJ granted voluntary departure while denying the other forms of relief. Manassian appealed to the BIA the denial of her asylum and withholding of removal applications. In her brief to this court, Manassian challenges only the BIA's denial of her asylum application.

## I. BACKGROUND

Marietta Garnik Manassian, a citizen of Armenia, entered the United States in 1993 with her then-husband and two children on a J-2 visa as the wife of a J-1 exchange visitor. Administrative Record ("A.R.") at 10 (Oral Decision of the IJ ("Oral Dec.") at 2). The family adjusted status when Manassian's husband became an H-1B visa holder in 1996. *Id.* In 1997, Manassian's husband left the United States to return to Armenia, leaving Manassian and their daughters behind. Pet'r's Br. at 13. Manassian's authorization to remain in the United States was set to expire in 1999. A.R. at 10 (Oral Dec. at 2). Manassian and her husband divorced, and Manassian's ex-husband committed suicide in Armenia in 2006. Pet'r's Br. at 13.

In 2001, Manassian married Todd Dana Greenfield, a United States citizen. *Id.* at 14. Greenfield filed I-130 petitions on behalf of Manassian and her daughters. *Id.* These I-130 petitions were denied in October 2007 for failure to appear for a follow-up interview. A.R. at 12 (Oral Dec. at 4). Manassian learned of this denial on December 3, 2007. Pet'r's Br. at 11. Manassian and her daughters were placed in removal proceedings. *Id.* Manassian filed her application for asylum and withholding of removal on July 9, 2008. A.R. at 12 (Oral Dec. at 4).

As part of her asylum application, Manassian alleged that her ex-husband's family blamed her for his suicide. *Id.* at 11–12 (Oral Dec. at 3–4). Particularly, her ex-husband's nephew had issued threats that he would make her life a living hell by telling everyone that she was an American spy and part of the Armenian opposition political party in America. *Id.* This nephew, according to Manassian, was a high-ranking officer in the corrupt Armenian national police force. *Id.*

The IJ denied Massanian's asylum application as being untimely. *Id.* at 11 (Oral Dec. at 3). She found that the changed circumstances—the ex-husband's death—that led to Manassian's alleged fear of returning to Armenia arose in January 2006. *Id.* at 13 (Oral Dec. at 5). The IJ rejected Manassian's argument that the denial of the I-130 petition was a qualifying type of changed circumstances under the INA or accompanying regulations. *Id.* Therefore, the IJ decided that the asylum application was untimely. *Id.* at 13–14 (Oral Dec. at 5–6). The IJ also determined that, even if the asylum application were timely, Manassian failed to establish a well-founded fear of persecution and failed to prove that the persecution was based on one of the protected grounds. *Id.* at 21–23 (Oral Dec. at 13–15). Consequently, the IJ concluded that Manassian was not entitled to asylum. *Id.* at 24 (Oral Dec. at 16).

The BIA dismissed Manassian's appeal, agreeing with the IJ that the denial of an I-130 petition does not constitute the type of changed circumstances excusing an untimely asylum application. A.R. at 3–5 (Decision of the BIA at 1–3).

This petition for review timely followed.

## II.  JURISDICTION

We have jurisdiction to review "asylum applications denied for untimeliness" "when the appeal seeks review of constitutional claims or matters of statutory construction," but not "when the appeal seeks review of discretionary or factual questions." *Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006). Here, the parties are not in dispute over the factual issues. The dispute is whether the denial of an I-130 petition constitutes the type of changed circumstances excusing an untimely asylum application. The IJ found that Manassian's "reliance on a potential legal status . . . [is] not the type of changed circumstances contemplated by the Statute or the

accompanying Regulation." A.R. at 13 (Oral Dec. at 5). This finding by the IJ is an interpretation of the statute and regulation—whether such type of event could be a changed circumstance interprets the statute and regulation—rather than a discretionary decision—whether this particular event constitutes changed circumstances in this case. Thus, this court has jurisdiction to review whether the IJ erred in determining that a potential legal-status change is not the type of changed circumstance contemplated by the statute.

### III.  CHANGED PERSONAL CIRCUMSTANCES

Manassian argues that the denial of the I-130 petition, by making her subject to removal, was "a change in her circumstances allowing her to file her application [for asylum] within a reasonable time." Pet'r's Br. at 20. This alleged change in her personal circumstance is the only ground that Manassian puts forward to justify the lateness of her application. Therefore, it is the only ground that this panel considers.

Under the INA, asylum applications typically must be filed within one-year of arrival in the U.S. *See* 8 U.S.C. § 1158(a)(2)(B). A late application "may be considered" when "changed circumstances . . . materially affect the applicant's eligibility for asylum." *Id.* at § 1158(a)(2)(D). "Changed circumstances" are defined by regulations as "refer[ring] to circumstances materially affecting the applicant's eligibility for asylum." 8 C.F.R. § 1208.4(a)(4)(i). Some circumstances that affect an applicant's eligibility for asylum include changes in country conditions in the applicant's country of nationality, *id.* at § 1208.4(a)(4)(i)(A), or "[c]hanges in the applicant's circumstances that materially affect the applicant's eligibility for asylum, including changes in applicable U.S. law and activities the applicant becomes involved in outside the country of feared persecution that place the applicant at risk," *id.* at § 1208.4(a)(4)(i)(B). Therefore, while

changed circumstances can excuse a late-filed application, Manassian must demonstrate that the change in her circumstances was one that materially affected her eligibility for asylum. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4)(i).

If Manassian were eligible for asylum based on the threats made by her husband's nephew, this eligibility arose in January 2006 when her ex-husband committed suicide and his family began making threats against her. Thus, the rejection of the I-130 petition did not constitute a changed circumstance within the meaning of the regulation. She could have and should have applied for asylum within a reasonable period of time after her ex-husband's suicide and the beginning of the threats by his family members. *See* 8 C.F.R. § 1208.4(a)(4)(ii). We find no error in the IJ's and BIA's determinations that Manassian's application for asylum was untimely.

## IV. CONCLUSION

For the foregoing reasons, we DENY Manassian's petition for review.